UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ORBITAL ENGINEERING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-185 |
| ) | |
| DVG TEAM, INC., and ZACHARY ) | |
| TOPOLL, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File Amended Complaint [DE 56] filed by the plaintiff, Orbital Engineering, Inc., on February 21, 2024. For the following reasons, the motion is **GRANTED.**

*Background*

On July 12, 2022, the plaintiffs, Orbital Engineering, Inc. ("Orbital"), filed suit against the defendants, DVG Team Inc. ("DVG") and Zachary Topoll ("Topoll"). Orbital's complaint brought claims for breach of fiduciary duty against both defendants (Count I); tortious interference with business relations against Topoll (Count II); aiding and abetting breach of fiduciary duty against DVG (Count III); and trade secret misappropriation, under the Defend Trade Secrets Act, against both defendants (Count IV).

On April 28, 2023, the court issued an opinion and order on the defendant's motion to dismiss, dismissing Count I as to DVG and Count III from the complaint. [DE 29]. On May 17, 2023, the court entered a scheduling order which, in part, established a deadline of September 1, 2023, for the parties to amend the pleadings. [DE 32]. Since then, the parties have jointly moved

to extend the deadlines several times, most recently on January 18, 2024, which provided the parties until March 1, 2024, to amend the pleadings. [DE 47]. During discovery, a dispute arose prompting Orbital to file a motion to compel [DE 37] on December 8, 2023, which is pending before the court.

On February 21, 2024, Orbital filed the instant motion [DE 56] seeking leave of the court to amend its complaint to include additional factual allegations in support of its existing claims, re-allege a breach of fiduciary duty claim against DVG, and assert a new unfair competition claim against all the defendants. The defendants responded [DE 58] on March 6, 2024. On March 13, 2024, Orbital filed its reply [DE 59]. The parties filed a joint status report [DE 57] requesting that the court rule on Orbital's motion to amend prior to addressing the previously filed motion to compel.

*Discussion*

At the onset, Orbital correctly asserts that its motion was timely brought because the most recent scheduling order granted it until March 1, 2024, to amend the pleadings. [DE 47]. Accordingly, the court need not consider the heightened good-cause standard of **Federal Rule of Civil Procedure 16(b)(4)** before considering whether the requirements of **Federal Rule of Civil Procedure 15(a)(2)** are satisfied. See *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011).

**Rule 15(a)(2)** provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." If the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. **Foman v. Davis**, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. **Campbell v. Ingersoll Milling Mach. Co.**, 893 F.2d 925, 927 (7th Cir. 1990). However,

2

leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (internal citation omitted).

Orbital claims that it seeks to add allegations based on information learned during discovery. According to Orbital, the motion to amend should be granted because it is not futile, there is no undue delay or dilatory motive, and the defendants will not suffer unfair prejudice. In response, the defendants argue that the amendment is futile because Orbital's allegations are not sufficiently pled to survive another motion to dismiss. Additionally, the defendants claim that Orbital's motion has a dilatory motive, arguing the purpose of the motion is to extend litigation and increase costs unfairly prejudicing the defendants.

1. **Undue Delay**

Undue delay alone is generally insufficient grounds to deny leave to amend. *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663, 667 (7th Cir. 2007). However, "the longer the delay, the greater the presumption against granting leave to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citation omitted); *see East v. Dimon*, No. 2:19-CV-451-HAB, 2021 WL 929668, at *1 (N.D. Ind. Mar. 11, 2021) ("Motions for leave to amend are generally denied based on undue delay when they are filed long after the filing of the original pleading and after extensive litigation." (citation omitted)). "Generally, undue delay occurs when a motion to amend would 'transform' or prolong the litigation unnecessarily." *Thomas & Betts Corp. v. Panduit Corp.*, No. 93 C 4017, 1999 WL 92894, at *2 (N.D. Ill. Feb. 17, 1999) (citing *Eckstein v. Balcor Film Invs.*, 58 F.3d 1162, 1170 (7th Cir. 1995)).

3

The defendants argue that Orbital had sufficient information to bring the newly proposed claims at the time of the initial filing of this case and that adding them now would needlessly prolong and expand this litigation. [DE 58 at 6]. That said, no evidence supports that Orbital proposed the amendment "in bad faith or for dilatory purposes." ***East***, 2021 WL 929668, at *1. Rather, Orbital explains that the scope and extent of the defendants' actions "were not known prior to discovery in this action." [DE 59 at 11]. *See, e.g.*, ***Hively v. Ivy Tech Cmty. Coll.***, No. 3:14-CV-1791-MD-MGG, 2018 WL 3198888, at *4 (N.D. Ind. May 4, 2018) (granting the plaintiff's motion to amend where the court was "not persuaded that [the plaintiff] had all the facts in hand to justify a retaliation claim before [the defendant's] ... [recent] discovery responses").

Moreover, Orbital's motion to amend has been filed in accordance with the deadlines agreed to by the parties and adopted by the court. [DE 47]. "Even in the presence of factors that may demonstrate undue delay, a motion to amend that is filed within the deadline to do so will almost always be granted." ***East***, 2021 WL 929668, at *1 (collecting cases). Thus, the court sees no reason to deny Orbital's motion because of undue delay.

2. **Unfair Prejudice**

An amendment may be prejudicial when it would require the parties to engage in substantially more discovery. *See* ***Mulvania v. Sheriff of Rock Island Cnty.***, 850 F.3d 849, 855 (7th Cir. 2017); ***Cont'l Bank, N.A. v. Meyer***, 10 F.3d 1293, 1298 (7th Cir. 1993). "Undue prejudice occurs when the amendment brings in entirely new and separate claims .... and when the additional discovery is expensive and time-consuming." ***Hively***, 2018 WL 3198888, at *4 (alteration in original) (citation omitted).

The defendants argue that the amended complaint would result in substantially more discovery, increasing the cost of litigation. Orbital argues that the allegations listed in its proposed

4

amended complaint expand upon the allegations brought forth in the original complaint and thus all prior discovery remains relevant, reducing any risk of prejudice. [DE 59 at 13]. Orbital adds that the deadline for fact discovery is not until May 1, 2024, and no depositions have taken place.

Ultimately, "being required to defend against new allegations made in pleadings is not the sort of prejudice that is undue in the context of amending pleadings." **Reardon v. Short-Elliott Hendrickson, Inc.**, No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *2 (N.D. Ind. Apr. 3, 2018) (citation omitted). "If such prejudice were considered undue, then amended pleadings would rarely be permissible." *Id.* Given that discovery remains open through May 1, 2024, there is time remaining in the discovery period to address the issues raised in the amended complaint. If not, the discovery period can be extended if necessary. As a result, the court will not deny the motion to amend based on the grounds of prejudice coupled with undue delay.

3. **Futility**

"Futility generally is measured by whether the amendment would survive a motion to dismiss under **Federal Rule of Civil Procedure 12(b)(6)**." **Ellmann v. Amsted Rail Co.**, No. 2:17-cv-361, 2018 WL 1725494, at *2 (N.D. Ind. Apr. 9, 2018) (citations omitted); *see* **Reardon**, 2018 WL 1603381, at *2 ("[F]utility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." (citation omitted)). The defendants claim that Orbital's amendment to Count I and the unfair competition claim are futile because it merely restates a claim that was previously dismissed.

"Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." **Bentley v. Ariz. Dep't of Child Safety**, No. CV-17-00966-PHX-DJH, 2018 WL 8262769, at *1 (D. Ariz. Nov. 7, 2018) (collecting cases); *see also* **Carteaux v. Town of Rome City**, No. 1:22-cv-00445-

5

HAB-SLC, 2023 WL 2366964, at *2 (N.D. Ind. Mar. 6, 2023). Similarly, the defendants' arguments on the sufficiency of Count I and the unfair competition claim, "even if merited, remain better left for full briefing on a [dispositive motion]." *Id.* at *2 (collecting cases); *see also* **Chen v. Yellen**, No. 3:20-cv-50458, 2021 WL 5005373, at *3 (N.D. Ill. Oct. 28, 2021) ("[C]ourts around the country have found that futility arguments made in opposition to the filing of an amended [complaint] are often better suited for consideration in the context of a motion to dismiss ...."). "Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend ...." **Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.**, 786 F.3d 510, 519-20 (7th Cir. 2015) (citation omitted). That is, "a motion to amend should only be denied as 'futile' if the proposed amendment is frivolous on its face." **Zachery v. Javitch Block, LLC**, No. 1:22-cv-02261-JRS-MKK, 2023 WL 4236031, at *5 (S.D. Ind. June 28, 2023) (citation omitted).

Here, Orbital's proposed amended complaint is not so frivolous on its face such that the motion to amend should be denied. While the defendants claim that Count I is a mere attempt to revive a previously dismissed claim, the court dismissed that claim without prejudice. The amended complaint provides additional facts that Orbital discovered during discovery suggesting that DVG conspired with Topoll to breach his fiduciary duty of loyalty to Orbital prior to his resignation. *See* [DE 56-1 ¶¶ 4, 80-81, 86, 96, 100-02]. Thus, the proposed amended complaint as to Count I does not appear to be futile.

Next, the defendants argue that Orbital's unfair competition claim (Count IV) is futile because they claim it is preempted by the Indiana Uniform Trade Secrets Act (IUTSA) "given that it is premised on the allegation that the Defendants have unfairly competed with Orbital by misappropriating Orbital's trade secrets or confidential information." [DE 58 at 11]. Yet a claim

6

for unfair competition based on corporate raiding, as Orbital alleges, is not preempted by IUTSA when it is based on allegations that the defendants have poached the plaintiff's workforce by encouraging them to breach their contractual or fiduciary obligations. *See* ***Genesys Telecommunications Lab'ys, Inc. v. Morales***, No. 119CV00695TWPDML, 2019 WL 5722225, at *17 (S.D. Ind. Nov. 5, 2019). Orbital's complaint sufficiently alleges facts suggesting that the defendants targeted Orbital's employees to join DVG and alleges that DVG encouraged those individuals to breach their fiduciary duties. *See* [DE 56-1 ¶¶ 7, 70, 68-70, 75-77, 123-29]. Accordingly, Orbital's amended complaint as to Count IV is not futile.

Finally, the defendants argue that Orbital's prayer for relief is futile because monetary damages would be adequate over equitable relief. According to the defendants, Orbital failed to plead any facts to support a need for an injunctive remedy. [DE 58 at 11]. The court disagrees. Orbital's amended complaint pleads sufficient facts to suggest that the defendants are utilizing Orbital's proprietary information. *See* [DE 56-1 ¶¶ 68-70, 75-77]. Injunctive relief is an appropriate remedy in that context. *See* ***Illinois Central Railroad Co. v. Belcher***, No. 2:22-cv-353-PPS-JPK, 2023 WL 7297300, at * 4-6 (N.D. Ind. Nov. 6, 2023). Thus, Orbital's prayer for injunctive relief is not futile.

*Conclusion*

Based on the foregoing reasons, the Motion for Leave to File Amended Complaint [DE 56] is **GRANTED.** The Clerk is instructed to enter Orbital's amended complaint [DE 56-1] as a separate docket entry.

ENTERED this 16th day of April, 2024.

/s/ Andrew P. Rodovich
United States Magistrate Judge